IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| KELLI ASHLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: |
| MORRISON MANAGEMENT SPECIALISTS, INC., a foreign corporation, COMPASS GROUP USA, INC. a foreign corporation, COOK COUNTY, a Municipal Corporation, and SYLVESTER SMITH, an individual. | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES, Plaintiff, KELLI ASHLEY, by and through her attorneys, Seth R. Halpern and Meredith W. Buckley of Malkinson & Halpern, P.C., and for her Complaint against Defendants MORRISON MANAGEMENT SPECIALISTS, INC., a Georgia corporation, COMPASS GROUP USA, INC., a Delaware Corporation, COOK COUNTY, an Illinois Municipal Corporation, and SYLVESTER SMITH, states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff, KELLI ASHLEY, ("Plaintiff"), is a female citizen of the State of Illinois and a resident of the County of Cook, City of Chicago.

2. Plaintiff was employed as a Cashier in the cafeteria of Provident Hospital of Cook County from approximately December 2016 up through her separation on February 23, 2021.

3. Defendant MORRISON MANAGEMENT SPECIALISTS, INC., ("Morrison") is a foreign corporation, with its headquarters at 400 Northridge Road, Suite 600, Atlanta, Georgia,

and is registered and doing business in Illinois, by operating and providing food and nutritional services to hospitals, including Provident Hospital of Cook County.

4. Defendant COMPASS GROUP USA, INC. ("Compass") is a foreign corporation, incorporated in Delaware, with its headquarters at 2400 Yorkmont Road, Charlotte, North Carolina, and is registered and doing business in Illinois, by operating and providing food and nutritional services to hospitals, including Provident Hospital of Cook County.

5. Defendant COOK COUNTY, is an Illinois Municipal Corporation that through its division, Cook County Health and Hospital System, operates Provident Hospital of Cook County.

6. Defendant SYLVESTER SMITH (hereinafter "Smith") is an individual citizen of the United States and a resident of the State of Illinois. At all relevant times hereto, Smith was a supervisory employee of MORRISON and/or COMPASS at Provident Hospital of Cook County.

7. Upon information and belief, MORRISON MANAGEMENT SPECIALIST, INC. is a subsidiary of COMPASS GROUP USA, INC.

8. COMPASS and/or MORRISON employed Plaintiff, as a Cashier, and employed Plaintiff's Supervisor, Sylvester Smith, as a Food Service Manager, and contracted with Cook County to provide food services at the Provident Hospital of Cook County.

9. This is an individual action brought by Plaintiff against Defendants COMPASS, MORRISON, COOK COUNTY, and SMITH for violations of the Illinois Human Rights Act, 775 ILCS 5/2-101 *et seq* and Title VII of the Civil Rights Act, 42 U.S.C. §2000e *et seq.* for acts of sexual harassment resulting in a hostile work environment, retaliation and constructive discharge.

10. At all times relevant herein, Defendant COMPASS and/or MORRISON was an employer within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(f), and the Illinois Human Rights Act, 775 ILCS 5/2-101 *et seq.*

11. At all times relevant, Defendant COMPASS and/or MORRISON maintained the right to control Plaintiff's work environment, maintained the right to control the terms and conditions of Plaintiff's employment, paid Plaintiff wages and maintained the right to discipline and discharge employees, including Plaintiff and Sylvester Smith.

12. At all times relevant, COOK COUNTY, was an employer within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(f) and the Illinois Human Rights Act, 775 ILCS 5/2-101 *et. seq.*

13. At all times relevant to the matters herein, COOK COUNTY maintained the right to control Plaintiff's work environment within Provident Hospital of Cook County and COOK COUNTY asserted control over its contractors, agents and employees working within the Provident Hospital of Cook County, including but not limited to various employees of COMPASS and/or MORRISON, such as Plaintiff and her supervisor, Sylvester Smith.

14. At all times relevant herein, Plaintiff and her supervisor Sylvester Smith, were employees of COMPASS and/or MORRISON as defined by the Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(f) and the Illinois Human Rights Act, 775 ILCS 5/2-101(A).

15. This Court has jurisdiction of this case pursuant to 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991.

16. This Court has supplemental jurisdiction over Plaintiff's Illinois state law claims pursuant to 28 U.S.C. § 1367.

17.     This action properly lies in this district pursuant to 28 U.S.C. § 1391 because the claim arose in this judicial district.

18.     Plaintiff has complied with all administrative prerequisites by filing with the Illinois Department of Human Rights (IDHR) timely Charges of Discrimination for sexual harassment, retaliation and constructive discharge which were cross-filed with the U.S. Equal Employment Opportunity Commission (EEOC) against all Defendants.

19.     Plaintiff filed her timely Charge of Discrimination with the IDHR, which was cross-filed with the U.S. EEOC, against "Compass Group USA, Inc. and/or Morrison Management Specialists, Inc." on September 14, 2021.  On or about August 15, 2022, Plaintiff was informed that IDHR created a new charge number, separating Compass Group USA, Inc. (2022 SF 0159) and Morrison Management (2022 SF 1817).

20.     On September 15, 2022, IDHR's statutory period to investigate Morrison's Charge of Discrimination expired. Pursuant to 775 ILCS 5/7A-102(G), the civil filing period for which Plaintiff may file her claims against Morrison is September 15, 2022, through December 13, 2022.[1]

21.     Plaintiff filed her timely Charge of Discrimination with the IDHR, which was cross-filed with the U.S. EEOC, against Defendant Cook County, on or about September 14, 2021.  Plaintiff received the Notice of Dismissal for Lack of Substantial Evidence on or about July 20, 2022.

---

[1] As of the date of filing this Complaint, Plaintiff has not received a Notice of Right to Sue or report from the IDHR for the Charge of Discrimination brought against Compass. (2022 SF 0159).  The statutory filing date for a civil complaint against Compass is March 14, 2023 through June 11, 2023.  As Plaintiff is within its statutory period to file its claims against Morrison, and because the two entities are named in the single, original Charge of Discrimination, and in an abundance of caution, Plaintiff has pled her claims against Compass herein.

22. Plaintiff filed her timely Charge of Discrimination with the IDHR against Defendant Smith, on or about September 14, 2021. Plaintiff received the Notice of Substantial Evidence on or about October 6, 2022.

## FACTUAL ALLEGATIONS

23. Plaintiff was hired as a Cashier by Compass and/or Morrison to work in the Provident Hospital of Cook County cafeteria on or about December 5, 2016.

24. Throughout Plaintiff's employment as a Cashier at Provident Hospital, she performed her job duties satisfactorily and met Defendants' legitimate business expectations.

25. Upon Plaintiff's hiring and throughout her employment, Plaintiff and other employees working within the Provident Hospital of Cook County cafeteria were required to follow various rules, policies and procedures that were set by Compass and/or Morrison and Cook County.

26. Defendant Compass and/or Morrison and Defendant Cook County controlled the work environment of Provident Hospital of Cook County.

27. Plaintiff's direct supervisor was Sylvester Smith, an employee of Compass and/or Morrison.

28. Beginning in the summer of 2019, Plaintiff's supervisor, Sylvester Smith began to repeatedly and continuously engage in sexually harassing behavior directed toward Plaintiff, and within the work environment of Provident Hospital of Cook County. These sexual harassing, offensive, lewd and inappropriate behaviors and comments included but were not limited to:

    a. making sexually suggestive and disparaging comments about Plaintiff's physical appearance;

    b. asking Plaintiff "what kind of panties she was wearing?";

    c.       asking Plaintiff questions about her intimate, romantic life and sexual experiences;

    d.       asking Plaintiff if she "fucked her boyfriend last night?";

    e.       making comments that Plaintiff's "skin looked pretty, you must have got dick last night.";

    f.       making sexually suggestive comments about his penis and comparing the size of vegetables in the kitchen to the size of his penis;

    g.       making sexually suggestive gestures towards Plaintiff, such as sticking his tongue out and licking his fingers in a provocative and harassing manner;

    h.       making sexually suggestive dance moves and mimicking sexual acts in Plaintiff's presence;

    i.       making sexually suggestive comments about other female employees at Provident Hospital of Cook County;

    i.       asking Plaintiff if he could come over to her home and engage in sexual relations with her; and

    j,       telling Plaintiff about his sexual fantasies and preferences.

29.     All instances of Smith's sexually harassing lewd and offensive comments and behaviors were unwelcomed by Plaintiff.

30.     Plaintiff would continuously express disgust and object to Smith's sexually harassing conduct. Plaintiff would ask Smith to stop engaging in such lewd and offensive conduct and Smith would ignore Plaintiff's objections and tell Plaintiff that because he was the manager, he could do what he wanted.

31.     Despite Plaintiff's disgust and objection, Smith's sexually harassing behavior did not stop and was repeated and continuous from the summer of 2019, up and through Plaintiff's separation on February 23, 2021.

32.     As a result of Smith's conduct described herein, Plaintiff found it difficult to concentrate and her ability to perform her job duties was impacted.

33. Due to the severe, pervasive and continuing nature of the sexually harassing behavior and comments permitted to exist in Plaintiff's work environment, Plaintiff was anxious, humiliated, angry and severely emotionally distressed.

34. On or about February 2, 2021, Plaintiff complained to her next-level supervisor Saundra Mabry ("Mabry"), Associate Director, Compass/Morrison Healthcare, and another supervisor at Compass/Morrison Healthcare, "David", about the sexually harassing behavior of Smith and reported that she was uncomfortable having to continue to work with Smith, her harasser, in the cafeteria.

35. The Compass/Morrison supervisors responded to Plaintiff with frustration and told Plaintiff that Smith would not be removed from Provident Hospital pending any investigation after complaints about sexual harassment.

36. As a result of Defendant Compass/Morrison's ineffective response, Plaintiff then complained in person to Tanya Seaton ("Seaton"), Chief Executive Officer of Provident Hospital of Cook County, about Smith's sexually harassing behavior and Defendant Compass/Morrison's ineffective and hostile response to her complaints.

37. Seaton informed Plaintiff that her report of sexual harassment would be addressed and investigated. Seaton did not tell Plaintiff that she needed to take any additional steps to effectively report or complain of sexual harassment for remedial action to be taken by Cook County and/or Compass and/or Morrison.

38. Following Plaintiff's complaint to Seaton, Smith was temporarily removed from Provident Hospital and assigned to Stroger Hospital, pending a purported investigation of Plaintiff's complaints of sexual harassment.

7

39. On or about February 9, 2021, only a few days after Plaintiff's complaints, Smith was returned to Provident Hospital and Plaintiff was forced to work, again, with her harasser.

40. Upon Smith's return, Plaintiff again complained to Seaton and her supervisors at Compass/Morrison that she felt uncomfortable and was fearful about having to work with Smith. Despite her complaints, Plaintiff was told that she would be required to continue to work with Smith and that he was not going to be removed from Provident Hospital.

41. After Smith's return to Provident Hospital, Smith expressed anger and hostility towards Plaintiff because she had made sexual harassment complaints against him. Smith engaged in retaliatory behavior against Plaintiff that included but is not limited to:

    a. threatening Plaintiff and her job;

    b. subjecting Plaintiff to harsher and more demanding job expectations;

    c. referring to Plaintiff as a "bitch" and a "liar";

    d. acting with hostility, intimidation and aggression toward Plaintiff; and

    e. assigning Plaintiff additional work, such as cleaning and extra dishwashing duties.

42. Plaintiff was severely anxious, fearful and emotionally distressed as a result of Compass and/or Morrison's and Cook County's lack of remedial action and because she was forced to continue to work with her harasser, who was now retaliating and threatening her because of her protected complaints. As a direct result of Defendants' action, and lack thereof, on February 23, 2021, Plaintiff was forced to resign because she was in fear for her life and safety, and because the abuse made her work conditions intolerable.

43. Consequently, Plaintiff was constructively discharged on February 23, 2021.

## COUNT I

### Sexual Harassment - Hostile Work Environment
### Compass and/or Morrison

44. Plaintiff repeats and re-alleges paragraphs 1-43 as if fully set forth herein as Paragraph 44.

45. The sexually harassing conduct of Smith, which is alleged herein, occurred within the work environment of Provident Hospital of Cook County.

46. Defendant Compass and/or Morrison, through its supervisory and managerial staff, permitted, acquiesced to, and engaged in sexually harassing conduct that was severe, pervasive and substantially interfered with Plaintiff's ability to complete her work duties.

47. Defendant Compass and/or Morrison created a hostile, offensive and intimidating work environment for Plaintiff.

48. Plaintiff expressed disapproval, disgust and complained about Defendant Compass and/or Morrison's sexually harassing behavior and despite such complaints, Defendant Compass and/or Morrison took no effective remedial action and permitted such behaviors to continue.

49. In response to Plaintiff's complaints of sexual harassment, Plaintiff was subjected to intimidation and hostility, which Defendant Compass and/or Morrison permitted, acquiesced to and or participated in and Defendant Compass and/or Morrison took no effective remedial action to stop the sexually harassing, hostile and threatening work environment, despite its knowledge of its existence.

50. As a result of Defendant Compass and/or Morrison's actions, and lack thereof, Plaintiff was deprived of her right to work in an environment free from sexual harassment and as

a result, Plaintiff suffered and continues to suffer from severe emotional distress, mental anguish and humiliation.

WHEREFORE, Plaintiff KELLI ASHLEY, respectfully requests that this Court enter an Order:

(a) Declaring the conduct of Defendant COMPASS and/or MORRISON and that of its agents, employees and representatives, in violation of the Illinois Human Rights Act and Title VII of the Civil Rights Act;

(b) Awarding Plaintiff compensatory damages

(c) Awarding Plaintiff damages for lost wages and benefits;

(d) Awarding Plaintiff damages for related emotional distress;

(e) Awarding Plaintiff damages for punitive damages to the extent permitted under law;

(f) Awarding Plaintiff pre-judgment and post-judgment interest to the extent permitted under law;

(g) Awarding Plaintiff reasonable attorneys' fees and costs; and

(h) any other lawful relief deemed just and proper.

## COUNT II

### Constructive Discharge
### Compass and/or Morrison

51. Plaintiff repeats and re-alleges paragraphs 1-50 as if fully set forth herein as Paragraph 51.

52. The sexually harassing conduct of Smith, which is alleged herein, occurred within the work environment of Provident Hospital of Cook County.

53. Defendant Compass and/or Morrison, through its supervisory and managerial staff, permitted, acquiesced to and engaged in sexually harassing conduct that was severe, pervasive and substantially interfered with Plaintiff's ability to complete her work duties.

54. Defendant Compass and/or Morrison created a hostile, offensive and intimidating work environment for Plaintiff.

55. Plaintiff expressed disapproval, disgust and complained about Defendant Compass and/or Morrison's sexually harassing behavior and despite such complaints, Defendant Compass and/or Morrison took no effective remedial action and permitted such behaviors to continue.

56. In response to Plaintiff's complaints of sexual harassment, Plaintiff was subjected to threats, intimidation and hostility, which Defendant Compass and/or Morrison permitted, acquiesced to and or participated in, despite Plaintiff's continued complaints.

57. As a result of Defendant Compass and/or Morrison's actions, and lack thereof, Plaintiff was forced to work directly with her harasser in an unsustainably hostile, offensive, harassing and threatening environment, resulting in an intolerable work environment. Accordingly, Plaintiff was forced to resign from her position on February 23, 2021, due to significant fears for her health, safety, and well-being that were created by such work conditions.

58. Plaintiff's career and career opportunities have suffered and continue to suffer and she has lost and continues to lose income and benefits as a result of her constructive discharge.

WHEREFORE, Plaintiff KELLI ASHLEY, respectfully requests that this Court enter an Order:

(a) Declaring the conduct of Defendant COMPASS and/or MORRISON and that of its agents, employees and representatives, in violation of the Illinois Human Rights Act and Title VII of the Civil Rights Act;

(b) Awarding Plaintiff compensatory damages

(c) Awarding Plaintiff damages for lost wages and benefits;

(d) Awarding Plaintiff damages for related emotional distress;

(e) Awarding Plaintiff damages for punitive damages to the extent permitted under law;

(f) Awarding Plaintiff pre-judgment and post-judgment interest to the extent permitted under law;

(g) Awarding Plaintiff reasonable attorney's fees and costs; and

(h) any other lawful relief deemed just and proper.

## COUNT III

### Retaliation
### Compass and/or Morrison

59. Plaintiff repeats and re-alleges paragraphs 1-58 as if fully set forth herein as Paragraph 59.

60. In response to Plaintiff's protected act of complaining of and reporting acts that she in good faith believed to be sexually harassing, Defendant Compass and/or Morrison, through its employees, supervisors and managers engaged in the following retaliatory actions:

   a. subjected Plaintiff to different, demeaning and more negative terms and conditions of employment;

   b. subjected Plaintiff to unwarranted and unjust ridicule, intimidation and hostility;

   c. subjected Plaintiff to verbal attacks and insults, such as being called "bitch" and "liar" ;

   d. assigned Plaintiff additional and undesirable work duties such as cleaning and dishwashing;

   e. and threaten Plaintiff's job and well-being.

61. Defendant Compass and/or Morrison supervisors, including Smith and Mabry, participated in, sanctioned and allowed such retaliation but took no remedial action to stop such behaviors and comments.

62. Defendant Compass and/or Morrison's conduct toward Plaintiff showed a disregard for Plaintiff's right to employment free from impermissible retaliation.

63. Due to the retaliation and harassing behavior complained of herein, Plaintiff was forced to work in an unsustainably hostile, intimidating, harassing and intolerable work environment and, accordingly, Plaintiff was forced to resign on February 23, 2021.

64. Defendant Compass and/or Morrison failed to implement any policy that prevents impermissible retaliation for employees who openly show disapproval for, complain of and refuse to participate in sexually harassing behavior.

65. As a result of Defendant Compass and/or Morrison's unlawful employment practices complained of herein, Plaintiff suffered and continues to suffer from severe emotional distress, mental anguish and humiliation. Plaintiff 's career and career opportunities have suffered and Plaintiff has lost and continues to lose wages and benefits.

WHEREFORE, Plaintiff KELLI ASHLEY, respectfully requests that this Court enter an Order:

(a) Declaring the conduct of Defendant COMPASS and/or MORRISON and that of its agents, employees and representatives, in violation of the Illinois Human Rights Act and Title VII of the Civil Rights Act;

(b) Awarding Plaintiff compensatory damages

(c) Awarding Plaintiff damages for lost wages and benefits;

(d) Awarding Plaintiff damages for related emotional distress;

(e) Awarding Plaintiff damages for punitive damages to the extent permitted under law;

(f) Awarding Plaintiff pre-judgment and post-judgment interest to the extent permitted under law;

(g) Awarding Plaintiff reasonable attorney's fees and costs; and

(h)     any other lawful relief deemed just and proper.

## COUNT IV

### Sexual Harassment – Hostile Work Environment
### Cook County

66.     Plaintiff repeats and re-alleges paragraphs 1-65 as if fully set forth herein as Paragraph 66.

67.     Defendant Cook County controlled Plaintiff's work environment at Provident Hospital of Cook County.

68.     Defendant Cook County controlled its contractors, agents and representatives, including those employed by Compass and/or Morrison.

69.     Defendant Cook County was aware that Plaintiff was being continuously and severely sexually harassed on the premises of Provident Hospital.

70.     Despite being aware that Plaintiff was being subjected to sexual harassment, Defendant Cook County failed to take prompt or appropriate corrective action to address such unlawful behavior.

71.     Defendant Cook County was aware that Defendant Compass and/or Morrison did not sufficiently address, investigate or remedy the sexual harassment Plaintiff endured and despite such knowledge, Defendant Cook County took no corrective or appropriate action.

72.     Defendant Cook County permitted, acquiesced to and created a hostile, offensive and intimidating work environment for Plaintiff.

73.     Beacuse of Defendant Cook County's actions, and lack thereof, Plaintiff was deprived of her right to work in an environment free from sexual harassment and as a result, Plaintiff suffered and continues to suffer from severe emotional distress, mental anguish and humiliation.

WHEREFORE, Plaintiff KELLI ASHLEY, respectfully requests that this Court enter an Order:

(a) Declaring the conduct of Defendant COOK COUNTY and that of its agents, employees and representatives, in violation of the Illinois Human Rights Act and Title VII of the Civil Rights Act;

(b) Awarding Plaintiff compensatory damages

(c) Awarding Plaintiff damages for lost wages and benefits;

(d) Awarding Plaintiff damages for related emotional distress;

(e) Awarding Plaintiff pre-judgment and post-judgment interest to the extent permitted under law;

(f) Awarding Plaintiff reasonable attorneys' fees and costs; and

(g) any other lawful relief deemed just and proper.

## COUNT V

### Constructive Discharge
### Cook County

74. Plaintiff repeats and re-alleges paragraphs 1-73 as if fully set forth herein as Paragraph 74.

75. Defendant Cook County controlled Plaintiff's work environment at Provident Hospital of Cook County.

76. Defendant Cook County controlled its contractors, agents and representatives, including those that were employed by Compass and/or Morrison.

77. Defendant Cook County was aware that Plaintiff was being continuously and severely sexually harassed on the premises of Provident Hospital.

78. Despite being aware that Plaintiff was being subjected to sexual harassment, Defendant Cook County failed to take prompt or appropriate corrective action to address such unlawful behavior.

79. Defendant Cook County was aware that Defendant Compass and/or Morrison did not sufficiently address, investigate or remedy the sexual harassment Plaintiff endured and despite such knowledge, Defendant Cook County took no corrective or appropriate action.

80. Defendant Cook County permitted, acquiesced to and created a hostile, offensive, intimidating and intolerable work environment for Plaintiff.

81. As a result of Defendant Cook County's actions, and lack thereof, Plaintiff was forced to work with her harasser and in an unsustainably hostile, threatening and harassing work environment. As a result, Plaintiff was forced to resign from her position on February 23, 2021.

82. Plaintiff's career and career opportunities have suffered and continue to suffer and she has lost and continues to lose income and benefits as a result of her constructive discharge.

WHEREFORE, Plaintiff KELLI ASHLEY, respectfully requests that this Court enter an Order:

(a) Declaring the conduct of Defendant COOK COUNTY and that of its agents, employees and representatives, in violation of the Illinois Human Rights Act and Title VII of the Civil Rights Act;

(b) Awarding Plaintiff compensatory damages

(c) Awarding Plaintiff damages for lost wages and benefits;

(d) Awarding Plaintiff damages for related emotional distress;

(e) Awarding Plaintiff pre-judgment and post-judgment interest to the extent permitted under law;

(f) Awarding Plaintiff reasonable attorney's fees and costs; and

(g) any other lawful relief deemed just and proper.

## COUNT VI
## Sexual Harassment
## Smith

83. Plaintiff repeats and re-alleges paragraphs 1-82 as if fully set forth herein as Paragraph 83.

84. The sexually harassing conduct of Defendant Smith occurred within the work environment of Provident Hospital of Cook County and was unwelcomed by the Plaintiff.

85. The sexually harassing conduct of Defendant Smith substantially interfered with Plaintiff's ability to complete her work duties and was disruptive to the work environment.

85. Defendant Smith's sexually harassing conduct created a hostile, offensive, intimidating and intolerable work environment for Plaintiff.

86. The unwelcome sexually harassing conduct by Smith, examples and descriptions of which have been set forth here, was severe and patently offensive.

87. Smith was Plaintiff's supervisor and Smith exerted managerial and supervisory control over Plaintiff and Plaintiff's work environment at Provident Hospital of Cook County.

88. Smith individually participated in the sexually harassing, intimidating and threatening behavior described herein and made Plaintiff's work environment intolerable.

89. Smith knew or should have known that the sexually harassing behavior was offensive, intimidating, disruptive and damaging to the Plaintiff and despite such knowledge, he nonetheless engaged in flagrant sexually harassing behavior and conduct.

90. Defendants' course of conduct showed a disregard of Plaintiff's right to have an employment environment free from unlawful sexual harassment.

91. As a result of Defendant Smith's unlawful employment practices complained of herein, Plaintiff suffered and continues to suffer from severe emotional distress, mental anguish and humiliation.

WHEREFORE, Plaintiff KELLI ASHLEY, respectfully requests that this Court enter an Order:

    (a)    Declaring the conduct of Defendant SYLVESTER SMITH, is in violation of the Illinois Human Rights Act;

    (b)    Awarding Plaintiff compensatory damages

    (c)    Awarding Plaintiff damages for lost wages and benefits;

    (d)    Awarding Plaintiff damages for related emotional distress;

    (e)    Awarding Plaintiff pre-judgment and post-judgment interest to the extent permitted under law;

    (f)    Awarding Plaintiff reasonable attorney's fees and costs; and

    (g)    any other lawful relief deemed just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

DATED: October 13, 2022

    Respectfully Submitted,

    Meredith W. Buckley

Seth R. Halpern
Meredith W. Buckley
MALKINSON & HALPERN, P.C.
33 N. Dearborn Street, Suite 1540
Chicago, Illinois 60602
(312) 427-9600
shalpern@mhtriallaw.com
mbuckley@mhtriallaw.com