UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **KELLI ASHLEY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 22 C 5606 |
| ) | |
| **MORRISON MANAGEMENT SPECIALISTS** ) | Judge Rebecca R. Pallmeyer |
| **INC.**, a foreign corporation, **COMPASS** ) | |
| **GROUP USA, INC.**, a foreign corporation, ) | |
| **COOK COUNTY**, a Municipal Corporation, ) | |
| and **SYLVESTER SMITH**, an Individual, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Kelly Ashley, who worked in the cafeteria at Provident Hospital, has sued various entities involved in her employment, alleging she was the victim of sexual harassment. Defendant Cook County contends it was not Ashley's employer and has moved to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(6). As explained here, Cook County's motion to dismiss is granted, and the complaint is dismissed, as against Cook County, without prejudice.

## BACKGROUND

Plaintiff Kelly Ashley ("Plaintiff") worked as a cashier in the cafeteria at Provident Hospital of Cook County for Compass Group USA, Inc. ("Compass") and/or Morrison Management Specialists, Inc. ("Morrison") beginning December 2016.[1] (Complaint [1], ¶¶ 2, 23.) Plaintiff alleges that her direct supervisor, Defendant Sylvester Smith ("Smith"), sexually harassed her beginning in the summer of 2019 and continuing through February 23, 2021, when Plaintiff resigned. (*Id.* ¶¶ 27-31.) Plaintiff alleges that she reported Smith's conduct to two other supervisors—Saundra Mabry, Associate Director of Compass/Morrison Healthcare, and another supervisor named "David"—and told both of them that she was uncomfortable continuing to work

---

[1] Morrison Management Specialist, Inc. is a subsidiary of Compass Group USA, Inc.

with Smith in the cafeteria.  (*Id.* ¶ 34.)  After her complaints went largely unresolved, Plaintiff complained about Smith's continued harassment in an in-person meeting with Tanya Seaton ("Seaton"), Chief Executive Officer of Provident Hospital, who assured Plaintiff that her complaints would be investigated and addressed.  (*Id.* ¶¶ 36, 37.)  Smith was in fact removed briefly from Provident Hospital pending an investigation of her complaints, but returned a few days later and resumed the harassing conduct.  (*Id.* ¶¶ 38, 39.)  Plaintiff alleges that when she again expressed concerns to Seaton and her other supervisors after Smith's return, they told her that she must continue working with him.  (*Id.* ¶ 40.)  Plaintiff alleges that Smith retaliated against her for having complained by threatening her, imposing harsh demands, and calling her a "bitch" and a "liar." (*Id.* ¶ 41.)  Defendants did not respond to the increasingly hostile work conditions.  (*Id.* ¶ 42.) Because the conditions had become intolerable, on February 23, 2021, she resigned.  (*Id.* ¶ 43.)

On October 13, 2022, Plaintiff filed suit against Morrison, Compass, Smith, and Cook County.  She alleges claims of sexual harassment, hostile work environment, and constructive discharge against all Defendants, and asserts that Cook County can also be held liable as her employer under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e(f) and the Illinois Human Rights Act, 775 ILCS 5/2-101 *et seq.* ("IHRA").  For the reasons explained here, the court concludes her allegations are insufficient to support a claim against Cook County, and dismisses claims against the County without prejudice.

## LEGAL STANDARD

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint set forth "a short and plain statement of the claim showing that the plaintiff is entitled to relief."  FED. R. CIV. P. 8(a)(2).  To survive a motion to dismiss, a complaint only needs to contain factual allegations, accepted as true, sufficient to "state a claim that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 54jf4, 554–57 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.

2

When considering a 12(b)(6) motion to dismiss, courts "must construe all of the plaintiff's factual allegations as true and must draw all reasonable inferences in the plaintiff's favor." *Vimich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). The court assesses Plaintiff's allegations under these generous standards.

## DISCUSSION

### I. Title VII and IHRA Claims

In its motion to dismiss, Cook County contends that Plaintiff has "pleaded herself out of court" in her Title VII allegations by alleging that both she and Smith are employees of Morrison/Compass, not Cook County. Plaintiff appears to be pursuing a claim that Cook County is a joint employer for purposes of Title VII liability. In assessing whether an entity is an employer, courts consider five factors, sometimes referred to as the "*Knight* factors":

> (1) the extent of the employer's control and supervision over the employee; (2) the kind of occupation and nature of skill required, including whether skills were acquired on the job; (3) the employer's responsibility for the costs of the operation; (4) the method and form of payment and benefits; and (5) the length of the job commitment.

*Love v. JP Cullen & Sons, Inc.*, 779 F.3d 697, 702 (7th Cir. 2015) (citing *Knight v. United Farm Bureau Mutual Insurance Co.*, 950 F.2d 377, 378-79 (7th Cir. 1991)). The employer's right to control the employee's work is the most important factor in determining whether an employer-employee relationship exists. *Love,* 779 F.3d at 703. Determining whether an entity is a joint employer is a "fact-intensive inquiry that typically requires further development through discovery." *Penteris v. Citgo Petroleum Corp.*, 104 F. Supp 3d 894, 900 (N.D. Ill 2015); *Claussen v. Muchowski*, No. 21 CV 05316, 2022 4465931 at *4 (N.D. Ill. Sep. 26, 2022). Accordingly, courts have often refused to dismiss Title VII claims at the pleading stage where "the plaintiff's factual allegations support the theory that the defendant exercised sufficient control over the plaintiff to be her joint employer." *Nor v. Alrashid*, No. 20 C 7470 at *6 (N.D. Ill. Mar. 17, 2022).

Plaintiff contends that her initial complaint supports such a theory with respect to Cook County, and that she is not required to allege all the facts logically entailed by a joint-employer

3

claim. *Tomayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Cases cited by the County are, she contends, inapplicable here because they were decisions made after discovery at the summary judgment stage. *See, e.g., Alexander v. Rush N. Shore Med. Ctr.*, 101 F.3d 487 (7th Cir. 1996); *Nishan v. Stratosphere Quality, LLC*, 865 F.3d 922 (7th Cir. 2017).

Plaintiff is correct that she has not had access to the full record that would be available to her after discovery, but the 12(b)(6) inquiry is not as toothless as she suggests. The Seventh Circuit made this clear in a recent decision, also involving an employee who performed non-health-care services in a hospital. In *Bronson v. Ann & Robert H. Lurie Children's Hosp. of Chicago*, 69 F.4th 437, 442 (7th Cir. 2023), the plaintiff worked as a Chicago public school as a citywide hospital and treatment center teacher. In her specific assignment at the hospital, she provided education for children diagnosed with medical or psychiatric conditions that required in-patient treatment. In her employment discrimination complaint, plaintiff alleged that the hospital was a de facto employer because the hospital provided her with equipment, such as an identification badge, pager, and e-mail address, and took measures to ensure compliance with its rules, policies, and procedures. *Id.* at 447.

The district court granted a motion to dismiss her employment claims against the hospital, and the Seventh Circuit affirmed, focusing particularly on allegations concerning the work she performed and the manner of supervision: "[Plaintiff]'s job was that of teacher, and although she performed that work in the hospital setting, the complaint is devoid of any allegations indicating that [the hospital] exercised any meaningful control or supervision over her teaching activities." *Id.* The court recognized that the hospital exercised administrative authority over plaintiff, providing access to the hospital, patients, and their medical information. *Id.* The hospital also took steps to ensure that plaintiff was familiar with the hospital's policies and procedures, but "there [were] no allegations suggesting that [defendant hospital] exercised any authority with respect to her work as a teacher." *Bronson*, 69 F.4th at 449.

4

Plaintiff's complaint here alleges that Cook County maintained the right to control her work environment within the hospital and asserted control over its contractors, agents, and employees. She alleges further that she and other employees in the hospital were required to follow rules, policies, and procedures set by Compass/Morrison and Cook County. (Complaint, ¶¶ 25–26, 68.) Even viewed generously, however, none of these allegations support the conclusion that Cook County exercised control over her work as a cashier in the hospital cafeteria. Plaintiff's most significant allegation against Cook County is that she spoke with Provident Hospital CEO Tanya Seaton about Smith's sexual harassment and that Seaton assured her that the situation would be investigated and addressed; Smith was then temporarily removed from Provident Hospital pending the investigation of Plaintiff's claims of sexual harassment. She also alleges that she complained again to Seaton shortly after Smith returned to work and that despite her repeated complaints, she was required to continue working with him. While these facts may suggest that Seaton exercised some control over Smith and his conduct, it does not demonstrate an exercise of control over Plaintiff in her capacity as a cafeteria worker.

Construing all of Plaintiff's factual allegations as true and drawing all reasonable inferences in her favor, Plaintiff does not state a plausible claim that Cook County is a joint employer to establish liability under Title VII.

## II.   IHRA Claims

Plaintiff argues that both she and Smith are agents of Cook County and consequently, Cook County is responsible for Smith's sexual harassment of Plaintiff. (Pl.'s Reply Br. [25] at 10.) The Illinois Human Rights Act, 775 ILCS 5/2-102 (D-5), provides that it is a civil violation:

> For any employer, employee, agent of any employer, employment agency, or labor organization to engage in sexual harassment of nonemployees in the workplace. An employer is responsible for sexual harassment of nonemployees by the employer's nonmanagerial and nonsupervisory employees only if the employer becomes aware of the conduct and fails to take reasonable corrective measures.

The Act provides, further, that a "nonemployee" is a person who performs services for an employer under a contract—that is, an independent contractor. Plaintiff reasons that both she

5

and Smith were "agents" of Cook County as well as contractors for Cook County. Even as a "non-employee" of the County, she argues, she can hold Cook County liable for the harassment she suffered at the hands of Smith.

The Human Rights Act provision quoted above does appear to afford broad protection against sexual harassment, even for persons who are independent contractors rather than employees at the workplace where the harassment occurs. Plaintiff has not formally alleged that she was performing work under a contract with the County (her argument that she was an employee is inconsistent with this notion). She has adequately alleged that Cook County was aware of Smith's conduct and failed to take reasonable corrective measures—but Cook County's liability under these circumstances appears to turn not only on Plaintiff's role, but also on whether *Smith* was an agent or employee of the County. That question is governed, under Illinois law, by the five *Knight* factors described above, with degree of control being the most important. *Frey v. Coleman*, 903 F.3d 671, 679 (7th Cir. 2018). Plaintiff again argues that this issue is not appropriately part of a pleadings challenge. (Pl. Reply Br. at 10–11 (citing *Brown v. Cook County* No.s 17 C 8085, 17 C 8146, 17 C 9056, 2018 WL 3122174, at *7 (N.D. Ill. June 26, 2018) ("It is difficult to do this without a more fully developed factual record, which is probably why, in so many of the cases cited by both parties, such issues were determined at the summary judgment stage rather than on a motion to dismiss.").) In general, the court agrees—but if Plaintiff's allegations are insufficient for a finding that she was an employee of Cook County, they provide even less a basis for a finding that Smith was. The Human Rights Act claim is dismissed as against Cook County.

### III. Constructive Discharge Claim

Plaintiff's constructive discharge claim requires only brief discussion. Sexual harassment or a hostile work environment in violation of Title VII may be severe or pervasive enough to render continued employment intolerable. If Plaintiff can establish that the conduct she was subject to was so severe or pervasive, she may be entitled to claim she was constructively discharged Such

a claim, like her Title VII and IHRA claims, requires a showing that Cook County was her employer. As the allegations are insufficient to state such a claim, the constructive discharge claim is dismissed as against Cook County.

## CONCLUSION

Facts developed in discovery may support the conclusion that both Plaintiff and her alleged harasser can be deemed employees of Cook County. Guided by the *Bronson* decision, however, the court concludes that Plaintiff's allegations are insufficient, even viewed generously, to create an inference in her favor on this issue. The court will therefore dismiss claims against Cook County without prejudice to the filing of an amended complaint.

Defendant Cook County's motion to dismiss [19] is granted, and the complaint is dismissed as against this Defendant without prejudice. Cook County is not at this time dismissed from the action, however, and Plaintiff has leave to proceed with discovery and to file an amended complaint, should she choose to do so, against Cook County within 60 days.

ENTER:

Dated: August 11, 2023

_____
REBECCA R. PALLMEYER
United States District Judge